# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anthony Santangelo & Aimee Santanelgo
4366 Merchant Avenue
Spring Hill, FL 34608

**(b)** County of Residence of First Listed Plaintiff  **Hernando**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Craig A. Altman, P.C.
19 S. 21st Street, Philadelphia, PA 19103
215-569-4488

### DEFENDANTS
United States of America
Philadelphia VA

County of Residence of First Listed Defendant  **Philadlephia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1346
Brief description of cause:
failure to diagnose cancer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 10,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                          DOCKET NUMBER

DATE: 03/24/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| ANTHONY SANTANGELO<br>4366 Merchant Avenue<br>Spring Hill, FL 34608<br>&<br>AIMEE SANTANGELO<br>4366 Merchant Avenue<br>Spring Hill, FL 34608<br>v.<br><br>THE UNITED STATES OF AMERICA<br>c/o The United States Attorney for the<br>Eastern District of Pennsylvania<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106 | : <br>: <br>: <br>: <br>: <br>: CIVIL ACTION<br>: <br>: <br>: NO.<br>: <br>: <br>: <br>: **JURY TRIAL DEMANDED**<br>: <br>: <br>: <br>: |

## I.   JURISDICTION AND VENUE

1.     This action arises under 28 U.S.C. §1346(b), as Plaintiff is seeking recovery against the United States of America for personal injuries.

2.     Plaintiff has complied with the requirements of the Federal Tort Claims Act; Plaintiff has filed his claim, via a Standard Form 95 on June 30, 2015, and the federal government has failed to respond within six months.

3.     Venue for this action is proper in this Court under 28 U.S.C. §1391 as the events giving rise to Plaintiff's claims occurred within the territorial limits of the United States District Court for the Eastern District of Pennsylvania.

## II.   PARTIES

4.     Plaintiff, Anthony Santangelo (hereinafter referred to as "Plaintiff") is an adult

individual and citizen of the State of Florida residing at 4366 Merchant Avenue, Spring Hill, Florida 34608.

5. Plaintiff, Aimee Santangelo (hereinafter referred to as "Plaintiff Wife") is an adult individual and citizen of the State of Florida residing at 4366 Merchant Avenue, Spring Hill, Florida 34608.

6. Defendant, United States of America (hereinafter referred to as the "Defendant"), is a proper party to this case pursuant to the Federal Tort Claims Act in that the Defendant employed the doctors who took care of Plaintiff during the relevant time period, specifically Dr. John J. Murphy, Plaintiff's primary care physician, and Dr. Lynette Goodstine, Plaintiff's primary care physician, and the other physicians who provided care to Plaintiff while he was a patient at the Philadelphia Department of Veterans Affairs Medical Center (hereinafter referred to as the "Philadelphia VA") located at 3900 Woodland Avenue, Philadelphia, PA 19104.

## FACTS

7. From 1980 to 1983 Plaintiff served as a member of the United States Marine Corps, received the Navy Achievement Medal in 1983, and received an honorable discharge.

8. As part of Plaintiff's service in the armed forces he received the benefits of medical care at the VA Hospital in San Diego. In approximately 1984 Plaintiff transferred his medical care to the VA Hospital in Philadelphia.

9. From 2003 through 2013 Plaintiff was receiving his medical and psychological care at the Philadelphia VA Hospital.

10. On or about September 4, 2003, a routine screening PSA was obtained with a result of 4.26 (hereinafter referred to as the "September 2003 PSA").

11. On or about September 17, 2003, Dr. Murphy, Plaintiff's primary care physician,

indicated the necessity for a referral to general urology for further evaluation regarding the September 2003 PSA.

12. On or about December 10, 2003, Dr. Goodstine, Plaintiff's primary care physician, once again indicated the necessity for a referral to general urology for further evaluation regarding the September 2003 PSA.

13. On or about March 9, 2004, Dr. Murphy, Plaintiff's primary care physician, once again indicated the necessity for a referral Plaintiff to general urology for further evaluation regarding the September 2003 PSA.

14. Plaintiff never received a urological evaluation specific to the September 2003 PSA.

15. Plaintiff never received a biopsy following the September 2003 PSA.

16. Plaintiff was never informed by his primary care physicians, Dr. Murphy and Dr. Goodstine, about the elevated findings from the September 2003 PSA, nor about the need for a urological consult.

17. Plaintiff's primary care physicians, Dr. Murphy and Dr. Goodstine, did not follow up with general urology to determine if Plaintiff was ever provided with an evaluation and/or biopsy as a result of their respective referrals following the September 2003 PSA.

18. Plaintiff was seen by urology and his primary care physicians, Dr. Murphy and Dr. Goodstine, on multiple visits subsequent to the September 2003 PSA wherein Plaintiff had consistent complaints of low back pain.

19. Plaintiff did not receive a PSA exam in 2004, 2005, or 2006.

20. On or about June 22, 2007 Plaintiff's PSA level was 1.92.

21. On or about January 18, 2008 Plaintiff's PSA level was 1.93.

22. On or about October 28, 2008 Plaintiff's PSA level was 2.38.

23. Plaintiff did not receive a PSA exam in 2009.

24. On or about September 28, 2010 Plaintiff's PSA level was 2.61.

25. Plaintiff did not receive a PSA exam in 2011, 2012, or 2013.

26. Plaintiff consistently complained of back pain between 2001 – 2013.

27. Plaintiff was seen on numerous occasions by neurology and neurosurgery for his consistent back pain complaints.

28. Plaintiff received a lumber MRI in 2001 that was described by neurology as "non-specific".

29. Comparative lumbar MRI's were recommended but never provided to Plaintiff.

30. No alternative diagnosis for the cause of Plaintiff's back pain was investigated by Plaintiff's physicians despite the fact that the objective findings from Plaintiff's lumbar MRI did not corroborate the subjective complaints of pain Plaintiff was exhibiting.

31. Plaintiff's physicians believed Plaintiff was displaying drug seeking behavior and embellishing his symptoms of pain in order to obtain pain medication.

32. On or about May 9, 2014, at the Tampa VA, a routine screening PSA was obtained with a result of 4.60 (hereinafter referred to as the "May 2014 PSA").

33. On or about July 23, 2014, at the Tampa VA, Plaintiff received a "right base" biopsy which revealed prostatic adenocarcinoma.

34. On or about August 11, 2014, at the Tampa VA, Plaintiff received a full body bone scan that revealed "scintigraphic abnormality at junction of left L2 pedicle and facet joint is nonspecific and could represent facet arthropy or metastic disease depending on more precise anatomic localization localization."

35. On or about September 4, 2014, Plaintiff was diagnosed with metastic prostatic adenocarcinoma as a result of an L2 vertebral body bone scan.

36. Plaintiff was diagnosed with Stage IV prostate cancer.

37. On or about January 16, 2015, the Department of Veterans Affairs issued a rating decision that found, in part, "Compensation for prostate cancer is established because this disability was caused by having submitted to a VA medical examination. Your examiner stated that VAMC Philadelphia was negligent in their screening and testing for this condition and did not follow proper protocols. This conclusion is supported by the evidence documented in the Philadelphia VAMC records indicating the Veteran's chronic low back pain was attributed to spondylolisthesis and lack of documentation of appropriate Prostate Cancer screening. On the initial evaluation at the Tampa VAMC, on 11/21/13, the clinician recognized that there was no record of Prostate Specific Antigen testing from the Philadelphia VAMC. … The records prior to transfer to the Tampa FL VAMC do not indicate that there was shared decision making for prostate cancer screening including evaluation with testing for prostate specific antigen testing. Of note also, is that the Veteran's chronic back pain was attributed to and treated for the Veteran servic[e]-connected lumbar spine condition, until a bone scan performed at Tampa VAMC to stage the prostate cancer revealed a metastic lumbar lesion."

38. As a direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff suffered injuries and damages including but not limited to, a worsening and spreading of prostate cancer into his spinal cord, decreased life expectancy, lost chance of cure, and more drastic medical modalities to treat his advanced cancer.

39. As a direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff suffered excruciating and agonizing physical pain, and great

emotional distress, and will continue to so suffer for an indefinite time into the future, all to his great detriment and loss.

40. As a direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff has incurred bills for medical care in an effort to treat his injures and will be required to incur such sums for an indefinite time into the future.

41. As a further direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff has been and will be prevented from attending to his usual and daily activities and avocations, all to his great detriment and loss.

42. As a further direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff has sustained a loss of life's pleasures and will continue to suffer in the future, to his great detriment and loss.

43. As a direct and proximate result of the negligence and carelessness of Defendant, as described below, Plaintiff's Wife has sustained a loss of life's pleasure, including but not limited to, the emotional and physical support of Plaintiff, and attending to her usual and daily activities and avocations, and will continue to suffer in the future, to her great detriment and loss.

### III.  CLAIMS FOR RELIEF

### COUNT I

### ANTHONY SANTANGELO V. UNITED STATES OF AMERICA

44. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs, as though same were set forth herein entirely.

45. At all times relevant hereto, the physicians, residents, interns, externs, nurses, technicians and like personnel, including Dr. John J. Murphy, M.D. and Lynette Goodstine, M.D., and any other primary care physician, in connection with the rendering of treatment to

Plaintiff, were acting as the sole or joint agents, servants, and/or employees of Defendant, through their position at the Philadelphia VA, in the course and scope of their employment.

46. In the care and treatment of Plaintiff, Defendant, through its agents, servants and/or employees, was negligent and careless in the following respects:

(a) failing to take a full and accurate history from Plaintiff;

(b) failing to perform a full and complete physical examination on Plaintiff;

(c) failing to order necessary diagnostic studies to assess Plaintiff's condition;

(d) failing to interpret diagnostic studies correctly;

(e) failing to make appropriate and timely recommendations for further care;

(f) failing to notify Plaintiff that he received the September 2003 PSA exam;

(g) failing to notify Plaintiff that the September 2003 PSA was elevated;

(h) failing to follow-up with general urology to ensure Plaintiff was evaluated regarding the September 2003 PSA;

(i) failing to follow-up with general urology to ensure Plaintiff received a biopsy following the September 2003 PSA;

(j) failing to communicate between primary care physician and urology department in a clear, timely, and efficient manner so as to ensure proper evaluations of Plaintiff;

(k) failing to provide Plaintiff with a PSA exam in 2004;

(l) failing to provide Plaintiff with a PSA exam in 2005;

(m) failing to provide Plaintiff with a PSA exam in 2006;

(n) failing to appreciate and act appropriately on Plaintiff's rising PSA between 2007-2008;

(o) failing to inform Plaintiff of his rising PSA between 2007-2008;

(p) failing to provide Plaintiff with a PSA exam in 2009;

(q) failing to appreciate and act appropriately on Plaintiff's rising PSA in 2010;

(r) failing to inform Plaintiff of his rising 2010 PSA;

(s) failing to provide Plaintiff with a PSA exam in 2011;

(t) failing to provide Plaintiff with a PSA exam in 2012;

(u) failing to provide Plaintiff with a PSA exam in 2013;

(v) failing to appreciate and act appropriately on Plaintiff's consistent complaints on back pain;

(w) failing to investigate alternative diagnosis' for Plaintiff's back pain;

(x) failing to appreciate Plaintiff's unique mental condition given his previous psychiatric diagnosis and to act accordingly within the standard of care;

(y) failing to inform Plaintiff of his true medical condition.

47. The above acts and omissions on the part of Defendant were careless and negligent and were the factual cause of the physical and emotional harm to Plaintiff.

48. The above acts and omissions on the part of Defendant were careless and negligent and increased the risk of harm and injuries suffered by Plaintiff.

WHEREFORE, Plaintiff Anthony Santangelo demands judgment against Defendant, the Unites States of America, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

## COUNT II

### AIMEE SANTANGELO V. UNITED STATES OF AMERICA

49. Plaintiff's Wife incorporates by reference all of the allegations contained in the

preceding paragraphs, as though same were set forth herein entirely.

50.     The carelessness and negligence of Defendant, throgh their sole or joint agents, servants, and/or employees, through their position at the Philadelphia VA, while in the course and scope of their employment, resulted in Plainitff's Wife being deprived of the aide, comfort, society, companionship and consortium of her husband, Plaintiff, Anthony Santangelo, all to her great loss and detriment.

WHEREFORE, Plaintiff Aimee Santangelo demands judgment against Defendant, the Unites States of America, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

**LAW OFFICES OF CRAIG A. ALTMAN, P.C**

BY: _____
CRAIG A. ALTMAN, ESQUIRE
ELI S. LEVINE, ESQUIRE
Attorneys for Plaintiffs

## VERIFICATION

    I, Eli S. Levine, Esquire, hereby state I am the attorney for the plaintiff in this action. I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that the statement made in said document are made subject to the penalties of 18 Pa.C.S. sec. 4904 relating to unsworn falsifications to authorities.

_____

Dated: 3/24/16

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SANTANGELO | : |
| | : |
| v. | : |
| | : |
| PHILADELPHIA VETERANS ADMINISTRATION MEDICAL CENTER | : |

## CERTIFICATE OF MERIT AS TO JOHN J. MURPHY, M.D., AND LYNETTE GOODSTINE, M.D.

I, Dr. Bruce D. Charash, M.D., hereby swear and affirm that I am a licensed medical practitioner. I am familiar with the facts and circumstances surrounding the failure to diagnose and/or treat prostatic adenocarcinoma and metastatic prostatic adenocarcinoma at L2 vertebral body which occurred to Anthony Santangelo while under the continuous care of the Philadelphia Veterans Administration Medical Center, the diagnosis of the above occurring on or about August 7, 2014. I further swear and affirm that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work by the Philadelphia Veterans Administration Medical Center and it's agents, servants, workmen and/or employees that is the subject of the complaint, fell outside the professional or occupational standards or treatment practices.

_____
Dr. Bruce D. Charash, M.D.

Dated: 3/11/16

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4366 Merchant Avenue, Spring Hill, FL 34608

Address of Defendant: 615 Chestnut St., Philadelphia, PA 19106

Place of Accident, Incident or Transaction: 3900 Woodland Avenue, Philadelphia, PA 19104
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Medical Malpractice

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Eli Levine, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/24/16    Eli S. Levine    309475
                 Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/24/16    Eli S. Levine    309475
                 Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4366 Merchant Avenue, Spring Hill, FL 34608

Address of Defendant: 615 Chestnut St., Philadelphia, PA 19106

Place of Accident, Incident or Transaction: 3900 Woodland Avenue, Philadelphia, PA 19104
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Medical Malpractice

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, Eli S. Levine, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/24/16     Eli S. Levine     309475
                  Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/24/16     Eli S. Levine     309475
                  Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Anthony Santangelo
&
Aimee Santangelo                                  :           CIVIL ACTION
          v.
The United States of America                       :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (✓)

3/24/16              Eli S. Levine /s/                Anthony Santangelo & Aimee Santangelo
Date                 Attorney-at-law                  Attorney for

215-569-4488         215-569-8610                     elevine@altman-lawfirm.com
Telephone            FAX Number                       E-Mail Address


(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 – Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.